UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES D. WHITSON ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:17-cv-0932 |
| ] | Judge Trauger |
| DARYL JONES, et al. ] | |
|     Defendants. ] | |

**M E M O R A N D U M**

    The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility (MDCDF) in Nashville. He brings this action against Daryl Jones and Inice Wagner, employees at MDCDF, seeking injunctive relief and damages.

    The plaintiff alleges misconduct on the part of the defendants based upon remarks each made about his sexual orientation. More specifically, the plaintiff is upset with the defendants for referring to him as a homosexual.

    To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

    Not every unpleasant experience that a prisoner might endure while incarcerated rises to the level of a constitutional deprivation. Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). It is well settled that mere words, no matter how offensive, threatening, or insulting, do not rise to the level of a constitutional violation. DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000); McFadden v.

1

Lucas, 713 F.2d 143, 147 (5th Cir.1983); Clark v. Turner, 1996 WL 721798 at 2 (6th Cir.; 12/13/96). The Supreme Court has held that defamation is not a constitutional tort and does not state a cognizable claim under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693 (1976). The plaintiff does not allege that he sustained any physical injury as a consequence of the defendants' disparaging remarks. Thus, while the defendants' remarks were unprofessional and even reprehensible, the alleged slander of the plaintiff by the defendants fails to offend the Constitution.

Because the allegations in the complaint do not rise to the level of a constitutional deprivation, the plaintiff is unable to prove every element of a § 1983 cause of action. The plaintiff, therefore, has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge